```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA        :
                                : CRIMINAL No. 04-10112-RGS
        v.                      :
                                :
JUSTIN TEAL                     :
```

### JOINT STATUS REPORT REGARDING DEFENDANT'S ELIGIBILITY FOR SENTENCE MODIFICATION AND SENTENCING RECOMMENDATIONS

Now come the United States of America, by Michael J. Sullivan, United States Attorney, and David G. Tobin, Assistant United States Attorney for the District of Massachusetts, and Lenore Glaser, attorney for Defendant Justin Teal (hereinafter "Defendant") and file this Joint Status Report pursuant to the Procedural Order of the Court dated April 9, 2008.

**A.   Eligibility for Sentence Modification**

**1. Background**

A grand jury returned an eight-count sealed Indictment on April 8, 2004, charging Defendant in Counts One, Two, and Five with distribution of cocaine base, playground zone violation, and aiding and abetting; in Count Four with distribution of cocaine base and playground zone violation; and in Count Six with distribution of cocaine base, use of a juvenile, and aiding and abetting.

On October 28, 2004, a grand jury returned an eight-count Superseding Indictment charging Defendant with the same offenses as charged in the original Indictment. The Superseding Indictment also contained a Notice of Additional Factors alleging that

Defendant was responsible for at least five, but less than twenty, grams of cocaine base and also alleging that Defendant was a career offender.

On November 8, 2005, Defendant pled guilty to all counts of the Superseding Indictment in which he was charged.  On February 15, 2006, Defendant appeared before the Court for sentencing. Defendant's Presentence Report concluded that Defendant was a career offender pursuant to U.S.S.G. § 4B1.1, that his total offense level was 31, his criminal history category was VI, and his guideline imprisonment range was 188 to 235 months.  The Court imposed a sentence of 188 months imprisonment.

On February 22, 2006, the Court vacated its previously imposed sentence and imposed a sentence of 120 months.  The Court adopted the Presentence Report, but departed downward for reasons that the career offender provision exaggerated Defendant's true criminal record.  The Court found that the otherwise applicable guideline calculation to be a total offense level of 25, with a criminal history category of V, therefore finding the appropriate guideline imprisonment range to be 100 to 125 months.  In varying downward, the Court reduced the range to what the defendant would have faced under the "crack" guidelines without the career offender status, at an adjusted criminal history category of V.  Accordingly, upon motion for a § 3582 reduction, Defendant is eligible for a reduced sentence because it was "based on" the "crack" guidelines range

under which he was actually sentenced. 18 U.S.C. § 3582(c)(2); United States v. Poindexter, 2008 WL 1946821 (E.D.Pa. May 2, 2008); United States v. Nigatu, 2008 WL 926561 (D.Minn. April 7, 2008).

On April 4, 2008, Defendant filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base offenses.

## 2. Legal Principles

Section 3582(c)(2) of Title 18 of the United States Code provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] On December

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), became effective on March 3, 2008, and provides, in relevant part:

> (1) <u>In General</u> — In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
> (2) <u>Exclusions</u> — A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
> (3) <u>Limitation</u> — Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full re-sentencing of the defendant.

---

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). <u>See, e.g.</u>, <u>United States v. Perez</u>, 129 F.3d 255, 259 (2d Cir. 1997); <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995); <u>United States v. McHan</u>, 386 F.3d 620, 622 (4th Cir. 2004); <u>United States v. Drath</u>, 89 F.3d 216, 218 (5th Cir. 1996); <u>United States v. Dullen</u>, 15 F.3d 68, 70-71 (6th Cir. 1994); <u>United States v. Wyatt</u>, 115 F.3d 606, 608-09 (8th Cir. 1997); <u>United States v. Cueto</u>, 9 F.3d 1438, 1441 (9th Cir. 1993); <u>United States v. Avila</u>, 997 F.2d 767, 768 (10th Cir. 1993); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003).

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in § 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706.

Previously, the Commission had set the crack offense levels in § 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B).

Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for "crack" offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more.  That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36.  At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams.  That offense level now applies to a quantity of less than 500 milligrams.  Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved "crack" as well as other controlled substances.

### 3. Defendant's Eligibility For A Sentence Reduction And A Revised Guideline Calculatio

Application of the amendment to Defendant's case would result in a reduction of Defendant's total offense level from 25 to 23. Defendant's criminal history category would remains a V, and his revised guideline sentencing range would be 84 to 105 months.

### B.   Government's Sentencing Recommendation

Although the Court <u>may</u> reduce Defendant's sentence pursuant to § 3582(c), the Court has wide discretion grounded in the § 3553 factors to deny a reduction. <u>United States v. Stevenson</u>, 2008 WL 1840758 (S.D. Ohio Apr. 22, 2008) (based on two disciplinary infractions in prison, and lengthy criminal record); <u>United States v. Reynolds</u>, 2008 WL 2367254 (S.D. W. Va. June 9, 2008) (motion denied because defendant's criminal conduct was "nothing short of egregious"); <u>United States v. Melton</u>, 2008 WL 1787045 (W.D.N.C. Apr. 17, 2008) (based on nature of offense); <u>United States v. Craig</u>, 2008 WL 1775263 (W.D.N.C. Apr. 15, 2008). In this case, the Government urges the Court not to reduce the defendant's sentence. The Government submits that the Court adequately took account of all of the relevant § 3553 factors when it imposed sentence. The Court sentenced Defendant after the Supreme Court's decision in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005) made plain that the guidelines were advisory. The Court clearly made use of the increased discretion and carefully considered the § 3553 career offender issue. The Court found the designation unwarranted and too harsh. Even without the designation, the Probation Department found Defendant to be a criminal history category V, which corresponded to a guideline range of 100-125 months. On this record, the Court likely would have imposed the same sentence even assuming the "crack" guidelines had been two levels lower at the

time.  The Court carefully considered all the relevant § 3553 factors and imposed a reasonable sentence.  A further reduction is not warranted under the circumstances.

### C.   Defendant's Sentencing Recommendation

Justin Teal is eligible for the sentencing reduction as he was not sentenced as a career offender, but rather, was sentenced based in the guideline for cocaine base.  Section 18 U.S.C.  § 3582 explicitly provides that a defendant is eligible for a new sentence if the original sentence was "based on" a sentencing range that has subsequently been lowered. United States v. Poindexter , 550 F. Supp. 2d 578 (E.D. PA. 2008).

.  In addition, the Court has the authority and the obligation to review the other factors enumerated in 18 U.S.C. § 3553(a) which requires the sentencing courts to consider all applicable §3553(a) factors.  Under §3553(a), the sentencing court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing.  Thus, the difference between the amended crack guidelines  and the defendant's original sentence is entirely relevant to this Court's determination of whether the defendant's sentence was "greater than necessary" to satisfy the purposes of punishment in his case.[2]  Indeed, where, as here, if

---

[2] *See Gall v. United States*, 128 S Ct. 586, 591 (2007) ("the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant to a sentencing decision.); *United States v. Pruitt*, 502 F.3d 1154, 1168 (10th Cir. 2007) (McConnell, J. concurring) ("this might appear to be an

the differential between the new and otherwise applicable offense level and the career offender offense level may, post *Booker,* result in a lower sentence, then the defendant "has been sentenced to a term of imprisonment that has subsequently been lowered." 18 U.S.C. 3852(c)(2) Under § 3582 , this Court must also consider issues of public safety and post-sentencing conduct, both of which mitigate in favor of a sentencing reduction in this case .

    The undersigned attorney was not the attorney in the trial court.  She is requesting a copy of the sentencing transcripts.  Subsequent to receipt of these documents, she will file a sentencing memorandum.

    **D. Hearing** : A hearing should be scheduled by the Court , after the transcripts have been received and the parties have had an opportunity to further brief their positions .

    **E. Defendant's Projected Release Date Based On The Low End Of the Revised Guideline Calculation** . The defendant's present

---

admission by the Commission that this [career offender ] guideline, at least as applied to low-level drug sellers like [the defendant], violates the overarching command of §3553(a) that "the court impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in §3553(a)(2).")*United States v. MacKinnon*, 401 F.3d 8,9 (1st. Cir. 2005) (reversing for re-sentencing after *Booker* where the defendant convicted of crack cocaine offense was sentenced pre-Booker to the guideline minimum of 262 months under the career offender guideline (up from what would have been a sentence of 188 months under the "regular guideline range") where the sentencing judge described the career offender sentence as "unjust, excessive, and obscene.")

release date is June 26, 2012.  The low end of the revised guideline range would result in Mr. Teal's release on June 26, 2009.  (The high end of the revised guideline would result in his release on March 26,2011).

    **F.**   **Briefing Schedule** The defendant's attorney requires the transcripts of the sentencing transcripts.  Once these are received, the parties request thirty days ( 30) to submit their sentencing memoranda .

    **G. Transcript :** A transcript of the two sentencing hearings is required for the defendant's attorney .

    Respectfully submitted,

| | |
|---|---|
| JUSTIN TEAL | MICHAEL J. SULLIVAN |
| By his Attorney | United States Attorney |
| | |
| __/s/ Lenore Glaser_____ | /s/ David G. Tobin |
| | |
| Lenore Glaser, Esq. B.B.O. # 194220 | DAVID G. TOBIN |
| One Commercial Wharf N., 2d Fl. | Assistant U.S. Attorney |
| Boston, MA. 02110 | |
| 617 753-9988 | |

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

                                          /s/ David G. Tobin
                                          DAVID G. TOBIN
                                          Assistant U.S. Attorney

September 11, 2008